IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

DANTE D. MAJOR,

        Petitioner,          Civil Action No.
                                                9:18-CV-0418 (MAD/DEP)

   v.

JAMIE LAMANNA, Superintendent of
Green Haven Correctional Facility,[1]

        Respondent.

---

APPEARANCES:                                  OF COUNSEL:

FOR PETITIONER:

DANTE D. MAJOR, *Pro Se*
13-B-0181
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

FOR RESPONDENT:

HON. LETITIA JAMES                    MARGARET A. CIEPRISZ, ESQ.

---

[1] Petitioner named Earl Bell as the respondent in his petition and amended petition. Dkt. Nos. 1, 14. While this was initially the proper respondent, petitioner has since been transferred from the Clinton Correctional Facility to the Green Haven Correctional Facility. Dkt. No. 19. Because the proper respondent is the superintendent of the facility in which petitioner is incarcerated, the respondent should now be updated to "Jamie Lamanna". *See* Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."). The clerk will respectfully be directed to terminate the named respondent and substitute the proper superintendent.

| | |
|---|---|
| New York State Attorney General<br>120 Broadway<br>New York, NY 10271 | Assistant Attorney General |

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## DECISION AND ORDER

This is a proceeding brought by petitioner Dante D. Major, a New York State prison inmate, seeking habeas relief. Currently pending before the court are motions filed by petitioner seeking the appointment of counsel and an order permitting him to engage in discovery.[2] For the reasons set forth below, both motions are denied.

I. BACKGROUND

Petitioner Dante D. Major was convicted, following a jury trial held in Otsego County Court, of the crimes of operating as a major trafficker, first-degree criminal possession of a controlled substance, and two counts of third-degree criminal possession of a controlled substance. *People v. Major*, 143 A.D.3d 1155, 1156 (3d Dep't 2016). Petitioner's conviction was modified

---

[2] On February 14, 2019, petitioner filed second motion for leave to amend the petition, to which a response due on March 8, 2019. Dkt. No. 28. That motion will be addressed by the court in due course.

2

by the New York State Supreme Court, Appellate Division, Third Department, in that the sentences imposed for the two third-degree controlled-substance possession charges, were ordered to be served concurrently, but the conviction was otherwise affirmed. *Id.* at 1160. On January 26, 2017, the New York Court of Appeals denied petitioner's application for leave to appeal. *People v. Major*, 28 N.Y.3d 1147 (2017).

On April 5, 2018, Major filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which raised five grounds for relief, and thereafter, paid the filing fee for this proceeding. Dkt. Nos. 1, 4. Petitioner subsequently filed a motion to stay the petition on May 3, 2018, due to his filing of a motion to vacate his conviction, pursuant to New York Criminal Procedure Law ("CPL") § 440.10, which motion remained pending in state court. Dkt. No. 6. On May 11, 2018, District Judge David N. Hurd denied petitioner's motion without prejudice because it included claims not previously asserted in the petition. Dkt. No. 7. Petitioner was advised that if he wanted to include those claims in the present proceeding, a motion to amend was required. Dkt. No. 7.

In papers dated June 4, 2018 and filed with the court on June 11, 2018, petitioner simultaneously moved to amend his habeas petition to

3

include several additional claims, and to stay the amended petition while he exhausted his claims in state court. Dkt. Nos. 9, 10. There having been no opposition to the motions, by decision and order dated July 6, 2018, District Judge Hurd granted petitioner's motions. Dkt. Nos. 11, 12. By letter dated February 9, 2019, petitioner informed the court that the state proceedings had concluded, Dkt. No. 26, and the stay was lifted, Dkt. No. 28.

II. DISCUSSION

    A. Motion to Appoint Counsel

By motion filed February 19, 2019, petitioner requests the appointment of counsel. *See generally* Dkt. No. 30. Specifically, he seeks the assistance of an attorney on the grounds that (1) he is indigent and has no further resources available to retain counsel; (2) he has meritorious claims that are likely to succeed with the aid of counsel; (3) his claims involve complex issues; and (4) he does not has the ability or resources to further investigate the case, nor the skills necessary to properly present them to this court. *See generally id.*

There is no constitutional right to representation by counsel in habeas corpus proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal

of right, and no further."); *see also United States v. Yousef*, 395 F.3d 76, 77 (2d Cir. 2005) (per curiam). However, a court may, in its discretion, appoint counsel for "any financially eligible person" where "the interests of justice so require[.]" 18 U.S.C. § 3006A(a)(2)(B). In determining whether to appoint counsel, a habeas court should "consider the petitioner's likelihood of success on the merits of his petition, the complexity of legal issues raised by such application and the petitioner's ability to investigate and present his case to the federal habeas court." *Soto v. Walker*, No. 00-CV-0197, 2005 WL 2260340, at *4 (N.D.N.Y. Sept. 15, 2005) (McAvoy, J.); *see Green v. Abrams,* 984 F.2d 41, 47 (2d Cir. 1993); *Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986); *Coita v. Leonardo*, No. 96-CV-1044, 1998 WL 187416, at *1 (N.D.N.Y. Apr. 14, 1998) (Pooler, J.). When a petitioner's claims may " 'fairly be heard on written submissions,' a habeas petitioner's request for counsel should ordinarily be denied." *Reynolds v. Greene*, No. 05-CV-1539, 2010 WL 604179, at *2 (N.D.N.Y. Feb. 16, 2010) (quoting *Brito v. Burge*, No. 04-CV-1815, 2005 WL 1837954, at *1 (S.D.N.Y. Aug. 3, 2005)).

Following an initial administrative closure of this proceeding, plaintiff paid the statutory filing fee on May 3, 2018. Dkt. Nos. 3, 4. Thereafter, on

January 22, 2019, plaintiff sought leave to proceed *in forma pauperis*, which was denied in light of the fact that he had previously paid the filing fee. Dkt. Nos. 22, 23, 24. Because petitioner is not proceeding in this matter *in forma pauperis*, he is not eligible for the appointment of counsel. *See, e.g.*, *Defreitas v. Kirkpatrick*, 16-CV-0638, 2017 WL 878445, at \*1 (N.D.N.Y. Mar. 6, 2017) (Baxter, M.J.). ("Petitioner has not been granted *in forma[] pauperis* status, and therefore is ineligible for appointment of counsel.").

Notwithstanding petitioner's payment of the statutory filing fee, petitioner asserts that he is indigent. Dkt. No. 30-2 at 3 (citing Dkt. No. 22). Even assuming petitioner was a "financially eligible person" pursuant to 18 U.S.C. § 3006A(a)(2)(B), he has failed to set forth any "special reason" why appointment of counsel would be more likely to lead to a just determination of his claims. *Hodge*, 802 F.2d at 62. Although petitioner has parroted the factors by which the court determines whether the appointment of counsel is warranted, *see generally* Dkt. No. 30, his assertions are conclusory. Petitioner's filings to date do not suggest that his claims are overly complex or that "appointment of counsel would be more likely to lead to a just determination." *Brito*, 2005 WL 1837954 at \*2 (citing *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994)).

Moreover, petitioner has thus far been able to cogently present his claims to the court. *See Soto*, 2005 WL 2260340, at *4. Further, to the extent that petitioner's submission can be construed to contend that counsel would be more skilled in presenting his legal arguments, those contentions alone are insufficient to justify appointment of counsel. *See Voymas v. Unger*, No. 10-CV-0645, 2011 WL 2670023, at *12-13 (W.D.N.Y. Jul. 7, 2011) (holding that despite petitioner's "layman" status, petitioner failed to demonstrate that (1) he was "unable to present the facts relevant to disposition of his habeas petition or to understand his legal position," (2) "the legal issues in his case are so complicated as to require the assistance of an attorney," or (3) "appointment of counsel would lead to a more just determination.").

Based on the foregoing, I conclude that the appointment of counsel is not warranted at this time. Therefore, petitioner's motion for the appointment of counsel is denied.

B. <u>Motion for Discovery</u>

Petitioner has also filed a motion seeking discovery pursuant to Rule 6 of the Rules Governing Section 2254 Cases in the United States District Court ("Habeas Rules"). *See generally* [Dkt. No. 29](Dkt. No. 29). Petitioner seeks a significant body of discovery, including *inter alia*, the depositions of various

investigators, surveillance information concerning petitioner's whereabouts between June 1, 2011 and December 20, 2011, and notes and information regarding the surveillance of various cooperating witnesses. *See generally* Dkt. No. 29-2. Plaintiff's primary contention is that the discovery that he seeks will substantiate the sixth through tenth grounds of his amended petition.³ Dkt. No. 29-1 at 7-8; *see generally* Dkt. No. 14.

Rule 6(a) of the Habeas Rules provides, in pertinent part, that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Although "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997), "discovery may be granted upon a showing of good cause." *Drake v. Portuondo*, 321 F.3d 338, 346 (2d Cir. 2003)

---

3     In those claims, petitioner alleges that (6) "[t]he prosecution committed misconduct when it intentionally suppressed *Brady* material, which it had a duty to disclose, during pendency of the proceedings"; (7) "[t]he prosecution committed misconduct when it intentionally failed to preserve *Brady* material, which it had a duty to disclose, during pendency of the proceedings"; (8) "[t]he prosecution knowingly allowed a key prosecution witness to testify falsely, when it knew the testimony to be false and failed to correct it"; (9) "[t]he defendant has found newly discovered evidence, which if produced at trial, would have produced a different outcome in the proceeding"; and (10) "[t]he defendant was deprived of his Federal and State Constitutional rights to the effective assistance of counsel in his defense." Dkt. No. 14.

(quotations and citation omitted). "[W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Harris v. Nelson*, 394 U.S. 286, 300 (1969); *see also Drake*, 321 F.3d at 345.

In an exercise of its sound discretion, a court may "deny discovery where the petitioner provides no specific evidence that the requested discovery would support his habeas corpus petition." *Hirschfeld v. Comm'r of Div. of Parole*, 215 F.R.D. 464, 465 (S.D.N.Y. 2003). If the petitioner shows good cause for discovery, however, "Rule 6(a) [of the Habeas Rules] makes it clear that the scope and extent of such discovery is a matter confided to the discretion of the District Court." *Bracy*, 520 U.S. at 910.

Significantly, "Rule 6 does not license a petitioner to engage in a 'fishing expedition' by seeking documents merely to determine whether the requested items contain any grounds that might support his petition, and not because the documents actually advance his claims of error." *Ruine v. Walsh*, No. 00-CV-3798, 2005 WL 1668855, at * 6 (S.D.N.Y. Jul. 14, 2005) (quoting *Charles v. Artuz*, 21 F. Supp. 2d 168, 170 (E.D.N.Y. 1998)); *see*

9

also *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) ("Rule 6 does not 'sanction fishing expeditions based on a petitioner's conclusory allegations.' " (quoting *Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997)).

In this case, petitioner has failed to show, at least for now, that he is entitled to any of the discovery that he seeks. Plaintiff's discovery motion is incredibly broad and seeks a wide swath of information from a number of parties. Despite petitioner's allegations to the contrary, because he has not shown that any non-disclosed *Brady*[4] material—that is, material that is exculpatory or impeaching—actually exists, or that the material he seeks would be material to the outcome of his criminal proceeding, he has not established good cause for the discovery he seeks. *See, e.g. Taylor v. Poole*, No. 07-CV-6318, 2009 WL 2634724, at *28 (S.D.N.Y. Aug. 27, 2009), *report and recommendation adopted by* 2011 WL 3809887 (S.D.N.Y. Aug. 26, 2011) ("Without any showing that the evidence existed, [the petitioner] has no basis to claim that the government withheld it."); *Mannino v. Graham*, No. 06-CV- 6371, 2009 WL 2058791, at * 9 (E.D.N.Y. July 15, 2009) ("[T]o establish a *Brady* violation, a petitioner must initially establish that the

---

4     *Brady v. Maryland*, 373 U.S. 83 (1963).

evidence sought, in fact, existed." (quotations and citation omitted)). The court cannot sanction petitioner's desire to undertake what is little more than a fishing expedition at this time based on the conclusory allegations contained in petitioner motion papers.

Accordingly, petitioner's motion for discovery is denied.

III. CONCLUSION

Based upon the foregoing it is hereby

ORDERED that the petitioner's motion for the appointment of counsel ([Dkt. No. 30](Dkt. No. 30)) is DENIED without prejudice; and it is further

ORDERED that petitioner's motion to compel discovery of documents, ([Dkt. No. 29](Dkt. No. 29)) is DENIED; and it is further

ORDERED that the clerk of the court is respectfully directed to modify the court's records as set forth in footnote number one.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: March 7, 2019
Syracuse, New York

11