UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DANTE D. MAJOR,

                    Petitioner,

          v.                                          9:18-CV-0418
                                                      (DNH/DEP)

JAMIE LAMANNA,

                    Respondent.
_____

APPEARANCES:                            OF COUNSEL:

DANTE D. MAJOR
13-B-0181
Petitioner, pro se
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

HON. LETITIA A. JAMES                    MARGARET A. CIEPRISZ, ESQ.
Attorney for Respondent                  Ass't Attorney General
New York State Attorney General
28 Liberty Street
New York, NY 10005

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

I. **INTRODUCTION**

     On July 6, 2018, the Court granted petitioner Dante Major's ("Major" or "petitioner")

motion to stay his petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in order

to permit him to exhaust his state court remedies.  Dkt. No. 12, Decision and Order dated

07/06/18 ("July Order"), at 4-6.[1,2]

At that time, Major was still pursuing claims raised in a motion to vacate his judgment of conviction pursuant to New York Criminal Procedure Law ("CPL") § 440.10, and his motion for leave to appeal from the denial of his 440 motion was pending before the New York State Appellate Division, Third Department. *Id.* at 3.

Per the July Order, Major provided monthly updates to the Court, via status reports, regarding his state court proceedings. Dkt. Nos. 15-20, 25, 26. In the status report filed on January 4, 2019, petitioner advised the Court that the Third Department had denied his appeal. Dkt. No. 20. Petitioner also stated that he had moved for reconsideration of the decision. *Id.*

In a status report filed February 14, 2019, Major advised the Court that his motion for reconsideration was denied on January 24, 2019. Dkt. No. 26. The following day, the Court granted petitioner's request and lifted the stay. Dkt. No. 28, Text Order.

On February 14, 2019, the Court also received a second motion to amend the petition. Dkt. No. 27. Respondent generally did not oppose the motion, absent one minor exception. Dkt. No. 32. Currently pending before the Court is Major's motion to amend.

## II. MOTION TO AMEND

Major raised five claims in his original petition, *see* Dkt. No. 1, Petition, and an additional five claims in his first amended petition, *See* Dkt. No. 14, Amended Petition.

Pursuant to the controlling amended petition, Major contends he is entitled to relief

---

[1] The Court's Order also granted petitioner's first motion to amend without objection from respondent. July Order at 2-5.

[2] Page citations to the parties' filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

because (1) "[t]he trial court erred in refusing to give an accomplice witness instruction as to all cooperating witnesses[,]" (Amended Petition at 6-12); (2) "[t]he trial court erred in failing to conduct an inquiry after receiving a note regarding defense counsel's facial expressions[,]" (*id.* at 13-14); (3) "[t]he trial court improperly precluded cross-examination regarding the ownership of objects found near the powder in the Wells Bridge house[,]" (*id.* at 14-16); (4) petitioner's "[c]onsecutive sentences were improper[,]" (*id.* at 16-17); (5) "[t]he sentence was harsh and excessive[,]" (*id.* at 17-19); (6) there was prosecutorial misconduct when the state intentionally suppressed *Brady* material (*id.* at 19-28); (7) there was prosecutorial misconduct when the state intentionally failed to preserve and disclose *Brady* material (*id.* at 29-31); (8) there was prosecutorial misconduct when "[t]he prosecution knowingly allowed a key prosecution witness to testify falsely[,]" (*id.* at 31-34); (9) newly discovered evidence would have resulted in a different outcome at trial (*id.* at 34-37); and (10) petitioner's trial counsel was ineffective (*id.* at 37-39).

Major's proposed second amended complaint adds three additional claims to the ten aforementioned ones. Petitioner seeks to include claims that he is entitled to relief because: (1) the trial court's denial of petitioner's 440 motion "was contrary to, and involved an unreasonable application of clearly establish[ed] federal law, and was based on an unreasonable determination of the facts presented[,]" (Dkt. No. 27-3 at 41-43); (2) the trial court erred in "fail[ing] to address petitioner's *Brady* claims . . . basing its decision entirely on a *Rosario* analysis . . . and violat[ing] petitioner's . . . Fifth and Fourteenth Amendment[ rights,]" (*id.* at 43-45); and (3) "[t]he cumulative effect of trial errors, prosecutorial misconduct, ineffective assistance of counsel, and judicial errors in the determination of petitioner's . . .

3

440 . . . motions have denied petitioner due process[,]" (*id.* at 45-46).

For a more complete statement of Major's claims, reference is made to the proposed second amended petition.

## III. <u>ANALYSIS</u>

Motions to amend habeas petitions are governed by Rule 15 of the Federal Rules of Civil Procedure. *Littlejohn v. Artuz*, 271 F.3d 360, 363 (2d Cir. 2001); *Fama v. Comm'r of Corr. Servcs.*, 235 F.3d 804, 815-16 (2d Cir. 2000); *see* 28 U.S.C. § 2242 (a habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions").

Under Rule 15(a)(2), a party may amend its pleadings upon consent of the opposing party or leave of the court, and "court[s] should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). A court may deny a motion to amend where the proposed amendment would be futile. *O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002).

In this case, the Court concludes that Major's proposed amended petition is timely and that amendment is appropriate. The New York State Court of Appeals denied leave to appeal on January 26, 2017. *People v. Major*, 28 N.Y.3d 1147 (2017). Petitioner's conviction became final for purposes of AEDPA ninety days later, on April 26, 2017. 28 U.S.C. §2244(d)(1); *Saunders v. Senkowski*, 587 F.3d 543, 548-49 (2d Cir. 2009).[3]

---

[3] Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed, the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable, or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). 28 U.S.C. § 2244(d)(1)(B)-(D). None of these alternative bases for a later date upon which the statute of limitations could have begun to run apply in this case.

Petitioner thus had until April 16, 2018 to timely file his habeas petition. The original petition was filed on March 28, 2018. Dkt. No. 1, Petition.[4]

This did not toll the limitations period. *See e.g. Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that "an application for federal habeas corpus review is not an application for State post-conviction or other collateral review [and] . . . therefore d[oes] not toll the limitation period during [its] pendency . . . .") (internal quotation marks and citations omitted).

However, Major appears to have properly filed a 440 motion on March 29, 2018, which *did* serve to toll the statute of limitations after it had run for 337 days. 28 U.S.C. § 2244(d)(2). The limitations period began to run again, after the Third Department's decision denying petitioner's motion for reconsideration, on January 24, 2019. It ran for an additional eighteen days before petitioner filed the present motion, on February 11, 2019. Dkt. No. 27 at 1. Accordingly, it seems a total of 355 of the 365 days in the statute of limitations period have elapsed; therefore, the motion is timely filed.

Further, respondent generally does not oppose Major's motion to amend. Dkt. No. 32-1 at 4-6. However, respondent is concerned with petitioner's proposed claim debating the denial of his 440 motion, specifically, to the extent that it challenges the state court's decision not to grant petitioner a hearing. *Id.* at 5-6.

As respondent correctly notes, "procedural errors in state post-conviction proceedings are not cognizable on federal habeas review." *Velazquez v. Poole*, 614 F. Supp. 2d 284, 344 (E.D.N.Y. 2007) (internal quotation marks and citations omitted). However, the proposed amended petition challenges the ultimate decision the state court reached, which was on the

---

[4] Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988)

5

merits and completely independent of whether or not a hearing was granted.

Major contends that the state court's classification of the newly discovered evidence as something other than *Brady* material was incorrect and that, because the evidence went towards impeachment, it should have been deemed *Brady* material and the 440 motion should have generated a different outcome. Amended Petitioner at 41. Accordingly, that portion of the amended complaint is not futile because it does not rely on a claim contesting a state procedural error.

Therefore, Major's motion to amend is granted.

## V. <u>CONCLUSION</u>

Therefore, it is

ORDERED that

1. Petitioner's second motion to amend his petition (Dkt. No. 27) is **GRANTED**;

2. The Clerk shall file and docket the proposed amended petition (Dkt. No. 27-3) as an amended petition;

3. The Clerk serve copies of this Decision and Order and the amended petition upon respondent and the Attorney General of the State of New York in accordance with Local Rule 72.4(e);

4. The respondent shall file and serve an answer to the amended petition, and provide the Court with the relevant records,[5] within ninety (90) days of the date of this Decision and Order;

---

[5] The records must be arranged in chronological order, sequentially numbered, and conform fully with the requirements of Local Rule 72.4. Respondent shall mail copies of any cited decisions exclusively reported on computerized databases, *e.g.* Westlaw, Lexis, but he need not file copies of those decisions with the Court. N.D.N.Y. L.R. 7.1 (a)(1).

5.  Petitioner may, but is not required to, file a reply within thirty (30) days of the filing date of respondent's answer;

6.  If petitioner chooses to file a reply, it must not exceed fifteen (15) pages in length, excluding exhibits, and the arguments contained in the reply shall be limited to addressing the arguments raised by the respondent in his answer and memorandum of law in opposition to the amended petition;

7.  The Court will not consider any new grounds for relief or other legal theories asserted by petitioner in his reply that were not previously asserted by him in his amended petition;

8.  If petitioner fails to file a reply or a request for extension of time within thirty (30) days of the filing date of respondent's papers, he may forfeit his opportunity to file a reply;

9.  Upon the filing of the reply, if any, or after the deadline to file a reply expires, the Clerk shall forward the file to the Court for further review;

10.  The parties shall file all pleadings, motions or other documents relating to this action with the Clerk of the United States District Court, Northern District of New York, James Hanley U.S. Courthouse & Federal Building, 7th Floor, 100 South Clinton Street, Syracuse, New York 13261-7367;

11.  The parties must accompany any document filed with the Court with a certificate setting forth the date on which they mailed a true and correct copy to all opposing parties or their counsel;

12.  The Court will strike any filing that does not include a proper certificate of service;

13.  Petitioner must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action;

7

14.  Petitioner must also promptly notify the Clerk's Office and all parties or their counsel of any change in his address;

15.  His failure to do so will result in the dismissal of this action;

16.  All parties must comply with Rule 7.1 of the Court's Local Rules of Practice when filing motions, which are to be made returnable on any business day with proper allowance for notice as the Rules require; and

17. All motions will be decided on the papers with no appearances and without oral argument unless otherwise ordered.

IT IS SO ORDERED.


Dated:  March 22, 2019
            Utica, New York.

_____
United States District Judge