IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

DANTE D. MAJOR,

                Petitioner,             Civil Action No.
                                                        9:18-CV-0418 (MAD/DEP)

  v.

JAMIE LAMANNA, Superintendent of
Green Haven Correctional Facility

                Respondent.
_____

APPEARANCES:                                    OF COUNSEL:

FOR PLAINTIFF:

DANTE D. MAJOR, *Pro Se*
13-B-0181
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

FOR DEFENDANTS:

HON. LETITIA JAMES                    MARGARET A. CIEPRISZ, ESQ.
New York State Attorney General       Assistant Attorney General
The Capitol
Albany, NY 12224

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

DECISION AND ORDER

This is a proceeding brought by *pro se* petitioner Dante D. Major, a New York State prison inmate, seeking habeas relief pursuant to 28 U.S.C. § 2254. Presently pending before the court is petitioner's motion for reconsideration of an earlier order of the court, in which his request for leave to conduct certain discovery was denied.[1] For the reasons set forth below, petitioner's motion for reconsideration is denied.

I. BACKGROUND

Petitioner was convicted, following a jury trial held in Otsego County Court, of the crimes of operating as a major trafficker, first-degree criminal possession of a controlled substance, and two counts of third-degree criminal possession of a controlled substance. *People v. Major*, 143 A.D.3d 1155, 1156 (3d Dep't 2016). Petitioner's conviction stemmed from his "alleged possession and sale of significant quantities of oxycodone powder between July and December 2011." *Id.* Testimony offered at petitioner's trial demonstrated that he "sold large quantities of oxycodone to Christina Ramsell and Clarence Vanier who would, in turn, sell or

---

[1] In addition to filing a motion for reconsideration, petitioner has also appealed the court's March 7, 2019 decision and order to District Judge David N. Hurd. *See generally* Dkt No. 36. I note that although petitioner's underlying discovery motion included only a notice of motion, memorandum of law, and affidavit, his appeal to District Judge Hurd includes a number of exhibits that were not provided to the court with his original motion. *Compare* Dkt. No. 29, *with* Dkt. Nos. 36-3, 36-4, 36-5, 36-6.

2

distribute the drugs to others in the Otsego area." *Id.* at 1158.

On appeal, petitioner's conviction was modified by the New York State Supreme Court, Appellate Division, Third Department, in that the sentences imposed for the two third-degree controlled substance possession charges were ordered to be served concurrently, rather than consecutively. *Id.* at 1159-60; *see* N.Y. Penal L. § 70.25(2); *People v. Rodriguez*, 25 N.Y.3d 238, 244 (2015). Petitioner's conviction was otherwise affirmed by that court. *Major*, 143 A.D.3d at 1160. On January 26, 2017, the New York Court of Appeals denied petitioner's application for leave to appeal. *People v. Major*, 28 N.Y.3d 1147 (2017).

On March 28, 2018, Major filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in which he raised five grounds for relief, and thereafter paid the filing fee for the proceeding. Dkt. Nos. 1, 4. On or about May 3, 2018, petitioner filed a motion to stay the proceedings, due to his pending state court motion to vacate his judgment of conviction, pursuant to New York Criminal Procedure Law ("CPL") § 440.10. Dkt. No. 6. By decision and order dated May 11, 2018, District Judge Hurd denied petitioner's motion to stay without prejudice because petitioner's pending state court motion included claims that had not been raised in his habeas petition. Dkt. No. 7.

In papers dated June 4, 2018 and filed with the court on June 11, 2018, petitioner simultaneously moved to amend his petition to include several additional claims, and to stay the amended petition in order to permit him to exhaust his claims in state court. Dkt. Nos. 9, 10. Petitioner's motions, which were not opposed, were granted by District Judge Hurd on July 6, 2018. Dkt. Nos. 11, 12.

By letter dated February 9, 2019, petitioner informed the court that the state proceedings had concluded. Dkt. No. 26. Based upon that notice, the stay was lifted. Dkt. No. 28. Petitioner subsequently moved to amend his petition for a second time. Dkt. No. 27. That motion was granted, and petitioner's second amended petition was filed. Dkt. Nos. 34, 35.[2]

---

[2] In his petition, as amended, Major contends that he is entitled to habeas relief on the following grounds: (1) "[t]he trial court erred in refusing to give an accomplice witness instruction as to all cooperating witnesses[;]" (2) "[t]he trial court erred in failing to conduct an inquiry after receiving a note regarding defense counsel's facial expressions[;]" (3) "[t]he trial court improperly precluded cross-examination regarding the ownership of objects found near the powder in the Wells Bridge house[;]" (4) petitioner's "[c]onsecutive sentences were improper[;]" (5) "[t]he sentence was harsh and excessive[;]" (6) there was prosecutorial misconduct when the state intentionally suppressed *Brady* material; (7) there was prosecutorial misconduct when the state intentionally failed to preserve and disclose *Brady* material; (8) there was prosecutorial misconduct when "[t]he prosecution knowingly allowed a key prosecution witness to testify falsely[;]" (9) newly discovered evidence would have resulted in a different outcome at trial; (10) petitioner's trial counsel was ineffective; (11) the trial court's denial of petitioner's 440 motion "was contrary to, and involved an unreasonable application of clearly establish[ed] federal law, and was based on an unreasonable determination of the facts presented[;]" (12) the trial court erred in "fail[ing] to address petitioner's *Brady* claims . . . basing its decision entirely on a *Rosario* analysis . . . and violat[ing] petitioner's . . . Fifth and Fourteenth Amendment[ rights;]" and (13) "[t]he cumulative effect of trial errors, prosecutorial misconduct, ineffective assistance of counsel, and judicial errors in the determination of petitioner's . . . 440 . . . motions

4

On or about February 19, 2019, petitioner filed motions for the appointment of counsel and for leave to conduct discovery. Dkt. Nos. 29, 31, 38. In his motion for leave, plaintiff sought a substantial breadth of discovery, including, but not limited to, intercepted wire communications of Jeffrey Vollkommer, Clarence Vanier, and Scott Burns; reports of police surveillance of petitioner and others; and alleged "secret cooperation agreements," involving four witnesses who testified against him at trial. *See generally* Dkt. No. 29. By decision and order dated March 7, 2019, I denied petitioner's motions, concluding that petitioner had failed to establish good cause warranting court-sanctioned discovery at this stage. *See generally* Dkt. No. 31.

On March 19, 2019, petitioner filed an appeal of that decision and order to District Judge Hurd. Dkt. No. 36. Petitioner has since sought reconsideration of the portion of my decision and order that denied his request for leave to conduct discovery by motion filed on March 28, 2019. Dkt. No. 38.

---

have denied petitioner due process[.] *See generally* Dkt. No. 35.

II. DISCUSSION

In support of his motion for reconsideration, petitioner asserts that the court "overlooked matters that would have influenced its prior decision." Dkt. No. 38 at 2. Although not provided with his original motion for discovery, petitioner points to a number of exhibits that were filed with his CPL § 440.10 motion, and which have since been filed by him with this court. Dkt. No. 38 at 2-3, 8; *see also* Dkt. Nos. 36-3, 36-4, 36-5, 36-6. Petitioner argues that these exhibits "provide good cause for the [c]ourt to grant petitioner['s request for] discovery." Dkt. No. 38 at 3.

In opposition, respondent asserts that although petitioner's motion is styled as invoking Rule 60(b), because the underlying decision and order was not a final judgment, the court's analysis is instead governed by the court's Local Rule 7.1(g). Dkt. No. 43 at 1. Respondent further contends that petitioner's request for reconsideration is untimely under Local Rule 7.1(g) and should be denied on that procedural basis alone. *Id.* at 1-2. Finally, respondent argues that petitioner has failed to establish any grounds that would warrant reconsideration of his motion. *Id.* at 2.

A. Applicability of Rule 60(b)[3]

Petitioner's motion purports to invoke Rule 60(b) of the Federal Rules of Civil Procedure, as well as Northern District of New York Local Rule 7.1(g). As a threshold issue, however, by its terms, Rule 60(b) only applies to "a *final* judgment, order, or proceeding." Fed. R. Civ. P. 60(b) (emphasis added); *see also, e.g.*, *Booker v. Griffin*, No. 16-CV-0072, 2019 WL 549065, at *1 (S.D.N.Y. Feb. 11, 2019) ("The [c]ourt cannot grant [p]laintiff relief from the December [o]rder under Rule 60(b) because the December [o]rder is not a final judgment."); *U.S. Bank Nat. Ass'n v. Crutch*, 2012 WL 1605595, at *1 n.2 (E.D.N.Y. May 8, 2012); *Buck v. Libous*, No. 02-CV-1142, 2005 WL 2033491, at *1 n.2 (N.D.N.Y. Aug. 17, 2005) (Scullin, J.) ("Rule 60(b) only applies to 'a *final* judgment, order, or proceeding.' ").

" 'The prevailing rule in this [c]ircuit and elsewhere is that an order is final for purposes of Rule 60(b) when it is appealable.' " *Smith v. Underwood*, No. 13-CV-8423, 2018 WL 3632522, at *2 (S.D.N.Y. July 30, 2018) (quoting *In re Shengdatech, Inc. Sec. Litig.*, No. 11-CV-1918, 2015

---

[3] Because there are no special rules that apply to reconsideration motions in habeas corpus proceedings, the courts routinely apply the standards generally applicable in civil cases. *See, e.g.*, *Cass v. Chappius*, No. 15-CV-3261, 2017 WL 1067761 (E.D.N.Y. Mar. 21, 2017); *Toolasprashad v. Tryon*, No. 12 CV 734, 2013 WL 1560176, at *2 (W.D.N.Y. Apr. 11, 2013).

7

WL 3422096, at *3 (S.D.N.Y. May 28, 2015) (collecting cases)). For the purposes of appealability, "[a] final judgment or order is one that conclusively determines all pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision." *Petrello v. White*, 533 F.3d 110, 113 (2d Cir. 2008).

In this case, the court's March 7, 2019 decision and order with respect to petitioner's request for discovery is an " 'interlocutory order[] that must await final judgment,' " *Hardy v. Knapp*, 27 F. App'x 24, 26 (2d Cir. 2001) (quoting *New York State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989)). Since petitioner's motion for reconsideration is an attempt to challenge an interlocutory discovery order that must await final judgment, Rule 60(b) does not apply to petitioner's motion for reconsideration. Accordingly, the court is guided by Local Rule 7.1(g).

> B. <u>Timeliness of Plaintiff's Motion Under Local Rule 7.1(g)</u>

Northern District of New York Local Rule 7.1(g) provides that

> Unless Fed. R. Civ. P. 60 otherwise governs, a party may file and serve a motion for reconsideration or reargument no later than **FOURTEEN DAYS** after the entry of the challenged judgment, order, or decree.

Local Rule 7.1(g) (emphasis in original). While the rule outlines a fourteen-

day period for seeking reconsideration of an judgment, order, or decree, because petitioner was served with the court's decision and order by mail, he was entitled to the benefit of a three-day extension pursuant to Rule 6(d) of the Federal Rules of Civil Procedure. In this case, since the challenged decision and order was dated March 7, 2019, and petitioner's motion for reconsideration was not filed with the court until March 28, 2019, *see Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001), his reconsideration motion is untimely and must be denied on this procedural basis alone. *See, e.g.*, *Oliver v. New York State Police*, No. 15-CV-0444, 2019 WL 1324040, at *6 n.4 (N.D.N.Y. Mar. 22, 2019) (Stewart, M.J.).

In light of petitioner's status as a *pro se* litigant and in an overabundance of caution, however, I will proceed to address the merits of his motion.

B. <u>Motion for Reconsideration of Petitioner's Request for Leave to Conduct Discovery</u>

In this district, a court may justifiably reconsider its previous ruling upon a showing of "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *In re C-TC 9th Ave. P'ship*, 182 B.R. 1, 3 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Wilson v. Consol. Rail Corp.*, 815 F. Supp. 585, 586 (N.D.N.Y. 1993)); *see also*

*Cayuga Indian Nation of New York v. Pataki*, 188 F. Supp. 2d 223, 244 (N.D.N.Y. 2002) (McCurn, S.J.) (citing *Sumner v. McCall*, 103 F. Supp. 2d 555, 558 (N.D.N.Y. 2000) (Kahn, J.)).

The benchmark for seeking reconsideration of a court's order has been described as demanding, *In re C-TC 9th Ave. P'ship*, 182 B.R. at 2, and is also subject to an overarching "clearly erroneous" gauge. *Sumner*, 103 F. Supp. 2d at 558. The decision to grant or deny a motion for reconsideration is within the sound discretion of the court. *See McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983). A motion for reconsideration is not a vehicle through which a losing party may raise arguments that could have been presented earlier but for neglect, nor is it a device " 'intended to give an unhappy litigant one additional chance to sway the judge.' " *Brown v. City of Oneonta, New York*, 858 F. Supp. 340, 342 (N.D.N.Y. 1994) (McAvoy, C.J.) (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D.Va. 1977)). To qualify for reconsideration, "[t]he moving party [must] point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F. 3d 255, 257 (2d Cir. 1995) (citations omitted). Significantly, "[a] motion for reconsideration is not properly used as a vehicle for the

introduction of new evidence that could have been presented to the court prior to the decision of which reconsideration is sought." *Jones v. Carolina Freight Carriers Corp.*, 152 F.3d 918, at *1 (2d Cir. 1998) (summary order).

Although petitioner apparently does not intend to abandon the extensive scope of his prior discovery request, he focuses the court's attention on a number of exhibits, which were not provided to the court in support of his original motion for leave to conduct discovery, but which he asserts support his *Brady*[4] claim. Dkt. No. 38 at 2-3; *see also* Dkt. No. 29. It is clear, however, that petitioner possessed these exhibits at the time he made his original discovery motion because these exhibits were submitted by him to state court in support of the CPL § 440.10 motion. Dkt. No. 38 at 2-3. As a result, in resolving petitioner's reconsideration motion, the court cannot consider this newly presented evidence because Major could have presented the court with these exhibits at the time he originally sought leave to conduct discovery. *See, e.g.*, *Munoz v. United States*, No. 07-CV-2080, 2008 WL 4104462, at *1 n.1 (E.D.N.Y. Aug. 29, 2008).

With this in mind, and because petitioner must necessarily rely on

---

[4] *Brady v. Maryland*, 373 U.S. 83 (1963). Plaintiff also makes passing reference to a claim arising under *Giglio v. United States*, 405 U.S. 150 (1972). Dkt. No. 38 at 11.

"the need to correct a clear error of law or prevent manifest injustice," as the basis for his motion, *see In re C-TC 9th Ave. P'ship*, 182 B.R. at 3, I find that petitioner has failed to meet the strict and demanding standard for reconsideration. Petitioner has not pointed to any legal or factual material that the court overlooked; rather, in making his motion, petitioner seeks to re-litigate an issue already decided by the court, and which is now the subject an appeal before the assigned district judge. *See Smith v. New York City Dept. of Educ.*, 524 F. App'x 730, 734 (2d Cir. 2013) ("A motion for reconsideration is not the appropriate mechanism for a party to relitigate an issue already decided or to advance new facts, issues, or arguments not previously presented to the court.") . Rather than indicating that reconsideration is necessary to correct a clear error or prevent manifest injustice, petitioner's submission merely indicates that he disagrees with the court's ultimate determination that he failed to make a sufficient factual showing to establish "good cause" as required for a habeas petitioner to be entitled to discovery.

Significantly, and as I observed in the underlying March 7, 2019 decision and order, "petitioner has failed to show, *at least for now*, that he is entitled to any of the discovery that he seeks." Dkt. No. 31 at 10 (emphasis added). The court does not yet have the benefit of the state

"the need to correct a clear error of law or prevent manifest injustice," as the basis for his motion, *see In re C-TC 9th Ave. P'ship*, 182 B.R. at 3, I find that petitioner has failed to meet the strict and demanding standard for reconsideration. Petitioner has not pointed to any legal or factual material that the court overlooked; rather, in making his motion, petitioner seeks to re-litigate an issue already decided by the court, and which is now the subject an appeal before the assigned district judge. *See Smith v. New York City Dept. of Educ.*, 524 F. App'x 730, 734 (2d Cir. 2013) ("A motion for reconsideration is not the appropriate mechanism for a party to relitigate an issue already decided or to advance new facts, issues, or arguments not previously presented to the court.") . Rather than indicating that reconsideration is necessary to correct a clear error or prevent manifest injustice, petitioner's submission merely indicates that he disagrees with the court's ultimate determination that he failed to make a sufficient factual showing to establish "good cause" as required for a habeas petitioner to be entitled to discovery.

Significantly, and as I observed in the underlying March 7, 2019 decision and order, "petitioner has failed to show, *at least for now*, that he is entitled to any of the discovery that he seeks." Dkt. No. 31 at 10 (emphasis added). The court does not yet have the benefit of the state

court record, which respondent is required to provide the court within ninety days of the District Judge Hurd's March 22, 2019 decision and order. Dkt. No. 34. As a result, the court is left to decipher petitioner's claims from the piecemeal information that has been provided by him, making a proper evaluation of petitioner's request for discovery exceedingly difficult at this early stage of the proceeding. Simply put, in the absence of a state court record, which would assist the court in evaluating plaintiff's underlying request for discovery, his motion for leave to conduct discovery was, and continues to be, premature at this stage. *See, e.g.*, *Lind v. Ballard*, No. 14-CV-26284, 2016 WL 11483825, at *9 (Apr. 27, 2016), *report and recommendation adopted by* 2016 WL 5346950 (S.D.W. Va. Sept. 23, 2016); *Ward v. Wolfenbarger*, No. 03-CV-72858, 2015 WL 4488498, at *2 (E.D. Mich. July 23, 2015) (denying petitioner's motion to conduct discovery as premature where respondent had yet to file response to petition); *Kincaide v. Dickinson*, No. 10-2068, 2010 WL 3745706, at *1 (E.D. Cal. Sept. 16, 2010) (same); *Kemppainen v. Texas*, No. 08-C-0229, 2008 WL 4809793, at *1 (S.D. Tex. 2008) ("Because respondent has not yet filed the state court record, and the record is not presently available . . . , a decision cannot be made as to whether there is good cause to seek additional discovery.").

Accordingly, I conclude that petitioner's motion for reconsideration the court's prior decision and order, which denied his motion for leave to conduct discovery at this time, must be denied.

III. <u>SUMMARY AND CONCLUSSION</u>

Based upon the foregoing it is hereby,

ORDERED that the petitioner's motion for the reconsideration of the court's March 7, 2019 decision and order (Dkt. No. 38) is DENIED; and it is further

ORDERED that the clerk is respectfully directed to promptly forward copies of this order to the parties in accordance with this court's local rules.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: May 8, 2019
Syracuse, New York